STATE OF MAINE

*vs.*

INTOXICATING LIQUORS.

EASTERN STEAMSHIP COMPANY, Claimant.

Penobscot.    Opinion July 9, 1914.

*Consignee.   Forfeiture.   Interstate Common Carrier.   Intoxicating Liquors.
Search and Seizure.*

1. It was not necessary that the presiding Justice should place on record specific findings of facts. His order of judgment of forfeiture meant, and it must be so assumed, that he found for the State upon all issues of fact necessary to sustain the libel.

2. It is a fundamental rule that exceptions will not be sustained, unless the excepting party shows affirmatively that he is aggrieved, and he cannot be aggrieved unless he has a legal interest in the subject matter of controversy.

3. The claim for the liquors must state specifically certain matters specified by statute, such as the nature of the right claimed and the foundation thereof.

4. Having filed such a claim, he is admitted as a party; the filing of the claim does not prove the right; it merely entitles the claimant to be heard.

5. It is not enough under the statute to show that the seizure was invalid. It must be shown that the claimant is the party entitled to the custody, and the burden on this issue is on the claimant.

6. No matter who else might be wronged by an invalid seizure, the wrongs of others cannot be redressed at the suit of the claimant, if it has not right to the custody on its own account.

On exceptions by claimant.    Exceptions overruled.

This was a complaint and warrant, under Chap. 29, Sec. 48 of the Revised Statutes, issued by the Judge of the Municipal Court for the City of Bangor, on the 20th day of January, 1914, upon which the intoxicating liquors described in the officer's return thereon were seized and libeled. The Eastern Steamship Company appeared in said Municipal Court and filed its claim for said liquors. Upon hearing, in said Court, the Judge thereof gave judgment for a forfeiture of said liquors, and the claimant appealed to the Supreme Judicial Court at the February Term thereof, 1914. At the conclusion of the hearing in said case, the presiding Justice ordered the Clerk of said Court to enter judgment for forfeiture of the liquor seized, except so far as any of them have been lawfully returned.

The case is stated in the opinion.

*Donald F. Snow,* for the State.

*E. P. Murray, and D. W. Nason,* for complainant.

SITTING: SAVAGE, C. J., SPEAR, HALEY, HANSON, PHILBROOK, JJ.

SAVAGE, C. J.    The liquors in question were found by a deputy sheriff in the freight shed in Bangor, occupied in part, at least, by the Eastern Steamship Company, an interstate common carrier. They came to this shed from Bucksport on the cars of the Maine Central Railroad Company. There were many packages, and they were marked to eighteen different people in all. When found by the officer, they had been taken from the cars, and assembled in four separate piles near the delivery doors of the shed, and on the top of each pile was a card of pasteboard, bearing the name of a man. On the top of the pile containing the liquors in question the card bore the name of one O'Rell, a truckman. The liquors were taken from the shed by the officer, Sunday night, January 18, and on the following Tuesday afternoon, January 20, he made complaint in the municipal court under Revised Statutes, Chap. 29, Sec. 48, and obtained a "seizure warrant" so called, upon which he seized and libeled the liquors. Later the Eastern Steamship Company appeared and filed

its claim for them in the proper form. The case came by appeal to the Supreme Judicial Court and a hearing was had before the court without a jury. At the conclusion of the hearing, the presiding Justice ordered judgment to be entered for a forfeiture of the liquors, and the claimant excepted. No finding of specific facts was made. At the hearing the claimant offered no evidence, and the record does not show upon what grounds it claimed a right to the liquors, or the possession of them.

The claimant argues, in the first place, that the Justice below erred in not making a finding of facts, on which to base the judgment. If the complaint were well founded, the claimant can take no advantage of the failure to find facts, for it has taken no exception on that ground. But the complaint is not well founded. It was not necessary that the presiding Justice should place on record specific findings of facts. His order of judgment of forfeiture meant, and it must be so assumed, that he found for the State upon all issues of fact necessary to sustain the libel. *Chabot & Richard Co.* v. *Chabot*, 109 Maine, 403.

The complainant further contends that the complaint and warrant were defective and void, and that, as the libel is based upon the warrant, proceedings for forfeiture cannot be maintained. The objections to the complaint and warrant are that the warrant was not obtained within a reasonable time after the original seizure; that instead of taking out one warrant for all the liquor seized, the officer took out eighteen, presumably one for each party to whom the parcels were severally marked; that the officer in his complaint alleged that the liquors were kept by persons unknown, which was not true, so it says, and finally that the officer, having made out and signed the formal complaint, and filled out the warrant for signature, made out the return and signed it before he swore to the complaint.

Whether any of these objections would be tenable if interposed by one who had an interest in the liquors, and a right to have them restored to him in case the seizure was found to be invalid, we think we have no need to consider. It is a fundamental rule that exceptions will not be sustained unless the excepting party shows affirmatively that he is aggrieved. And he cannot be aggrieved unless he has a legal interest in the subject matter of the controversy. *Allen* v. *Lawrence*, 64 Maine, 175; *Merrill* v. *Merrill*, 67 Maine, 70; *Smith* v.

*Smith,* 93 Maine, 253. We think the claimant has failed to show that it has any valid claim to have the liquors restored to it, in any event.

The statute, R. S., Chap. 29, Sec. 51, provides that if any person appears and claims intoxicating liquors seized, he shall file a claim in writing and under oath. The claim must state specifically certain matters specified by statute, such as the nature of the right claimed and the foundation thereof. Having filed such a claim he is admitted as a party. Filing the claim does not prove the right. It merely entitles the claimant to be heard. Then the statute provides that "the magistrate shall proceed to determine the truth of the allegations in said claim and libel and may hear any pertinent evidence offered by the libellant or claimant. If the magistrate is, upon the hearing, satisfied that said liquors were not so kept or deposited for unlawful sale, and that the claimant is entitled to the custody of any part thereof, he shall give him an order in writing "for a return of the liquors to which he is found to be entitled." "If the magistrate finds the claimant entitled to no part of said liquors he shall render judgment against him for the libelant for costs, to be taxed as in civil cases before such magistrate, and issue execution thereon, and shall declare said liquors forfeited to the county where seized."

It will be noticed that in order to secure an order for the return of the liquors, two things must be found to be true, namely, that the liquors were not kept or deposited for unlawful sale, and that the claimant is entitled to their custody. *State* v. *Intoxicating Liquors,* 85 Maine, 304. And further, if it fails to appear that the claimant is entitled to their custody, judgment for costs against the claimant, and forfeiture of the liquors follow. The pivotal question in this case is, has it been made to appear that the claimant is entitled to the custody of the liquors? If it has, the judgment for forfeiture was error, but otherwise, it was not.

It is not enough under the statute to show that the seizure was invalid. It must be shown that the claimant is the party entitled to the custody. And the burden on this issue is on the claimant. *State* v. *Robinson,* 49 Maine, 285. It might show that it was the owner, or that it was a carrier, still responsible for the liquors to the shipper or consignee, or it might show any other facts which would entitle it to the custody. But it must show them. No matter who else might be wronged by an invalid seizure, the wrongs of others

cannot be redressed at the suit of the claimant, if it has no right to custody, on its own account. The injured party must seek his own redress.

The claimant has not sustained the burden of showing its right. The claimant's relation to the liquors does not clearly appear. It does appear that they came to the defendant's shed in Bangor, by way of the Maine Central Railroad from Bucksport, and one of the State's witnesses testified that he knew they came from the claimant's boat, which we presume was at Bucksport. And we may assume that the carriage from Bucksport to Bangor was part of a through transportation from some place in or out of the State to Bucksport by water, and thence to Bangor by rail, all controlled by the claimant. Now, doubtless, there are cases, where the situation of the liquors when seized may afford some legitimate inference as to whether a carrier still has them in transit, and whether for that or other reasons, it is legally entitled to the custody, if the seizure is not sustainable.

But we think no inference either way is warranted by the evidence in this case. The liquors involved in this case were a part of a large lot brought by the claimant to its shed in Bangor, Saturday night. Sunday night it was found that they had been unloaded, and had been assorted and piled in four piles close to the delivery doors of the shed, and each pile had been tagged with the name of some man, as if he were the owner, or a truckman for the owner. The pile containing the liquors in question was tagged with the name of a truckman. Who unloaded them? Who piled them up? Who tagged them? Had they been delivered by the claimant to the consignee? Was the steamship company still responsible for them? Or, had they been received by the consignee, piled and tagged, and merely left where they were to be removed at his convenience? If the latter conjecture is the true one, it is manifest that the steamship company has no ground for claiming a return of the liquors. It had no special property in the liquors.

The trouble is that we have no means of telling which of several conjectures is the true one. The claimant might have made it clear by evidence, but it offered none. Its right to custody is not proved. Hence it has no interest in the determination of the question whether the seizure was valid. Others may have, but the claimant has not. And having no interest, it could not be aggrieved by a ruling thereon,

and its exceptions cannot be maintained. So far as the claimant is concerned, the only flaw discoverable in the order of the presiding Justice is that he did not order judgment against the claimant for costs.

*Exceptions overruled.*