IN RE MAINE CENTRAL RAILROAD COMPANY ET ALS.,

PETITIONERS FOR ADDITIONS TO AND CHANGES IN LOCATIONS.

Cumberland.    Opinion, March 25, 1936.

218

*Harry C. Wilbur and Eben Winthrop Freeman,* for Cities of Portland and Ellsworth and Town of Brunswick.

*Donald W. Webber,* for City of Auburn.

*William S. Cole,* for City of Bangor.

*Edward Bridgham,* for City of Bath.

*Alton A. Lessard,* for City of Lewiston.

*Milan J. Smith,* for City of South Portland.

*Grover C. Welch,* for City of Westbrook.

*Howard M. Cook,* for Town of Mattawamkeag.

*Edward W. Wheeler and Carroll N. Perkins,* for Maine Central Railroad Company.

SITTING: DUNN, C. J., STURGIS, BARNES, THAXTER, HUDSON, MANSER, JJ.

DUNN, C. J. These exceptions are by incorporated towns and cities, to rulings of the Public Utilities Commission, on petitions by railroad corporations. The petitions fall into two groups: the one, for additions to existing road-beds, rights of way, tracks, and such like property, commonly called locations, which are essential to discharging functions and duties as common carriers by rail; the other, for changes in locations. R. S., Chap. 63, Secs. 26, 27. The terms "town" and "city," as herein used, are to be taken synonymously.

The exceptions go to refusal to dismiss the petitions, both originally, and as, despite objection, amended.

The first question to be decided is whether the exceptants, not otherwise interested than as civil organizations, legislatively created for political purposes, having in some matters local self-government, have such legal interest in the subject-matter as to make them "parties aggrieved."

Notice of the filing of the petitions was given towns along the railroad routes. Section 26, relating to taking additional land, prescribes hearing, but neither defines procedure, nor who shall be admitted to show cause. Section 27 does not expressly require hearing. Giving notice had, as one object, obtaining all the information necessary to enable the Commission to decide what might be reasonably requisite or expedient, with reference to the pending applications. Counsel appeared for the towns. In the popular sense of the word, the towns were interested, and might, by the introduction of evidence, and by discussion, be able to aid coming to a proper conclusion.

The Attorney General entered an appearance. The chief law officer represents the whole body politic, or all the citizens and every member of the State. Only a few of the duties of the Attorney General are specified by statute; that official is, however, clothed with common-law powers. It is for him, in instances like these, to protect and defend the interests of the public.

The towns claim to be parties in interest, on the score alone that granting the petitions removes property from the sphere of the common burdens of taxation.

A railroad location, but not buildings on it, it is true, is exonerated from local taxation. R. S., Chap. 13, Sec. 4.

Taxation is legislative. What money shall be raised by taxation, what property shall be taxed, what exempted, rests exclusively with the Legislature to say, without any limitations except such as are imposed by express constitutional provisions. *Brewer Brick Company* v. *Brewer*, 62 Me., 62.

State, county, and town taxes are assessed by officers who, although chosen by towns, are public officers. They owe to the public, and not to the town merely, the performance of imposed duties. A

town has no control over the assessment of taxes. The statute requires the town to appoint assessors of all taxes to be levied within its limits, but the town does this as the political agent of the State. *Thorndike* v. *Camden*, 82 Me., 39, 44, 19 A., 95. Towns are not voluntary associations; they have only such powers as are conferred by statute, and can act in corporate capacity only when empowered. They may do what they are permitted to do, and nothing more.

The taxing power of a town is within a narrow compass. In the absence of special statute, a town cannot even raise money to oppose its division. *Westbrook* v. *Deering*, 63 Me., 231.

A town as a tax district, has no private right in a railroad location. A town does not become a party to a location proceeding by calling witnesses, or being heard in argument. Such proceedings concern the whole people, and not infrequently they involve vital questions.

For a party to be aggrieved, one of his rights must have been injuriously affected.

In probate court, in order to give a right of appeal, it is said that: "A party is aggrieved by such decree only when it operates on his property, or bears upon his interest directly." *Deering* v. *Adams*, 34 Me., 41, 44.

"And it is not a mere remote and contingent interest, or a wish dictated by whim or policy, without any pecuniary interest to be directly affected by the decree, that will suffice." *Veazie Bank* v. *Young*, 53 Me., 555, 560.

On general principles of law, exceptions will not be sustained unless he who excepts shows affirmatively that he is aggrieved. And he cannot be aggrieved unless his legal right has been invaded by the act of which he complains. *State* v. *Intoxicating Liquors*, 112 Me., 138, 140, 91 A., 175.

So, all in all, having no case, the towns and cities have no proper standing in court.

The several bills of exceptions are dismissed from the docket of this court, that they may be dismissed below.

*It is so ordered.*