GREAVES, TAX COLLECTOR *vs.* HOULTON WATER COMPANY.

Aroostook. Opinion, November 29, 1943.

*Francis W. Sullivan,*

*Weick & Blanchard,* for the plaintiff.

*Cook, Hutchinson, Pierce & Connell,* for the defendant.

SITTING: STURGIS, C.J., THAXTER, HUDSON, MANSER, MURCHIE, CHAPMAN, JJ.

MANSER, J.   This is an action of debt brought in behalf of the town of Hodgdon to collect a tax levied on the Houlton Water Company, upon poles and transmission lines located in Hodgdon, and used for supplying electricity to that town and its inhabitants. It comes forward on report.

The issue is whether the defendant, in performing this service is, in the statutory sense, a "public municipal corporation." If it is, then the property taxed was exempt from taxation. The exemption is found in R. S., c. 13, §6, Par. I, which, so far as pertinent, reads as follows:

"The following property and polls are exempt from taxation:
. . . the property of any public municipal corporation of this state, appropriated to public uses, if located within the corporate limits and confines of such public municipal corporation, and also the . . . fixtures . . . of public municipal corporations engaged in supplying water,

power, or light, if located outside of the limits of such public municipal corporations,"

The term "fixtures" in this particular statute has been held to includes poles and transmission lines. *Whiting* v. *Lubec*, 121 Me., 121, 115 A., 896.

The facts are as follows:

The Houlton Water Company was chartered as a private corporation to supply the people of Houlton and the town itself with water. It was given the right to hold property to the extent of $50,000, to issue certificates of stock for capital paid in, and to sell bonds not exceeding one-half of its paid-up capital stock. P. & S. L., 1880, c. 227.

From time to time its powers and functions were enlarged by legislative amendments. It was authorized to hold property to the amount of $100,000. P. & S. L., 1889, c. 497.

It was granted the right to purchase the capital stock of the Houlton Sewerage Company and to hold property not to exceed $200,000; and to provide the town of Houlton with a system of sewerage. P. & S. L., 1903, c. 148.

Later, it was authorized to supply the town of Houlton and its inhabitants with electricity. P. & S. L., 1905, c. 31.

In the same year it was given the right to purchase electric current from the Maine and New Brunswick Electrical Power Company, to be delivered at Houlton and upon a schedule of rates fixed by the Act. P. & S. L., 1905, c. 249.

Up to this point, the authority of the Houlton Water Company was limited to supplying the town of Houlton and its people with utilities of water, sewerage and electric light.

In the year 1901, the town of Houlton was authorized to purchase the capital stock of the Houlton Water Company, and to elect three water commissioners who "shall have general charge and control of the town's water system." P. & S. L., 1901, c. 464. This was done, and since that time the corporation has been controlled and managed by representatives of

the town. When this change took effect, the Company was engaged solely in furnishing a water supply. There has been no legislation which, in terms, created the corporation as quasi-municipal; none which designates a territory and its inhabitants as constituting the corporation; none which makes the town of Houlton or the property of its citizens liable for its debts. All issues of bonds by the corporation constitute a debt of the Company, and its property only may be mortgaged as security. It is expressly provided that bonds not exceeding $200,000 may be purchased and held by savings banks of Maine. P. & S. L., 1937, c. 14, §2. Such authorization would be unnecessary if these securities were within the category of municipal or quasi-municipal bonds. R. S., 1930, c. 57, §27, IV. The town does not own the physical property of the corporation but only the equity therein, as represented by the capital stock. There appears to be a designed purpose, whether successful or not, to exclude the indebtedness of the Company from the municipal indebtedness of Houlton and the consequent effect upon the constitutional debt limit of the town.

Notwithstanding all this, if the Company were engaged only in supplying water, sewerage and electricity to Houlton, we should be constrained to hold that, in such public utility services, the Company must be regarded as a public municipal corporation because it is supplying services for the necessities and convenience of the municipality and is managed and controlled by that municipality.

The question here presented, however, contains further elements which require consideration. The various amendatory acts have sedulously continued in the corporate structure the attributes associated with private enterprise. By such amendments finally combined in P. & S. L., 1937, c. 14, the Houlton Water Company is now authorized to transmit and distribute electricity in the towns and villages of Linneus, Hodgdon, New Limerick, Ludlow, Smyrna, Merrill, Dyer Brook, Oakfield, Amity, Orient and in Cary and Hammond Plantations, which

cover an area ranging in different directions from 5 to 25 miles from the town of Houlton, and as to which the town itself has never been granted by express legislation any municipal authority or functions.

No right, duty or burden rests by legislative enactment upon the town of Houlton to supply this surrounding district. It does not appear that such extension of authority to a large area of outlying territory is for the public convenience and necessity of the inhabitants of the town of Houlton, but instead solely for the joint advantage of the Houlton Water Company and the users of electricity in the designated territory. There is nothing which indicates that the purpose was to afford a market for surplus electric current and power. There is no provision in any of the legislation for turning over to the town of Houlton any surplus of earnings obtained through the extended service and not needed for the corporate purposes of the Houlton Water Company.

It is true that, by the 1937 Act above referred to, the affairs of the corporation were more specifically and directly placed under the control of the town of Houlton. The Act provides that there shall be a Board of Directors of six members.

"who shall be citizens and freeholders of the town of Houlton, but who need not be stockholders of said corporation, and who shall be elected by majority vote at the annual town meeting of said town of Houlton."

It was also provided that this Act should not become operative until ratified by the qualified voters of the town of Houlton, and it is admitted that ratification was effected.

The primary objects to be accomplished by a municipal corporation are to promote the welfare and public interest of its inhabitants and not the promotion of the interests of those residing outside its corporate boundaries. It is said in *Taylor* v. *Dimmitt*, 336 Mo., 330, 78 S. W., (2d), 841, 98 A. L. R., 995 at 998:

"In rendering electric service to consumers outside their corporate boundaries, they perform no municipal function, but depart from the primary objects for which they have existence, and enter a field of private business. Authority for such action, we think should clearly appear."

Our Court in *Laughlin* v. *Portland,* 111 Me., 486 at 498, 90 A., 318, 323, 51 L. R. A. N. S., 1143, Ann. Cas., 1916 C, 734, adopts the definition of a public use, laid down by Judge Cooley in his work on Constitutional Limitations, 6th ed. p. 655, viz.:

"That only can be considered a public use where the government is supplying its own needs or is furnishing facilities for its citizens in regard to those matters of public necessity, convenience or welfare which on account of their peculiar character and the difficulty —perhaps impossibility—of making provisions for them otherwise, is alike proper, useful and needful for the government to provide."

In *Camden* v. *Village Corporation,* 77 Me., 530 at 535-6, 1 A., 689, 691, we find the following:

"No exemption law is needed for any public property, held as such." *Directors of Poor* v. *School Directors,* 42 Penn. St., 25.

To entitle it to exemption, however, it must be public in its nature. There is a distinction between property held and owned for profit by a municipal corporation like a private individual, charged with no public trust or use, which is private in its nature, and that which it holds in general or special trust for purposes germane to the objects of the corporation. In the former case it is the legitimate subject of taxation, and no reason exists why it should be exempt from the general rule; while in the latter case, such property, forming a part of the means and instrumentalities of the corporation called into use in

the administration of government, is held to be exempt upon principle as well as upon authority."

Judge Dillon in his work on Municipal Corporations, 5th ed., Vol. III, §1293, p. 2102, lays down the following rule:

"But when the city goes beyond the city limits, the purpose must be primarily for the benefit, use, or convenience of the city as distinguished from that of the public outside of it, although they may be incidentally benefited, and the work must be of such a character as to show plainly the predominance of that purpose; and the thing to be done must be within the ordinary or proper range of municipal action. If the enterprise is of such a character that it may justly be described as indicating an underlying purpose different from the city's use and convenience, and creates in the impartial mind a conviction that the use and benefit of the city are but pretexts disguising some foreign and ulterior end, the attributes of a city purpose must be denied to it."

We are not unmindful of the fact that the rule of strict construction as to municipal grants of power has been modified in more recent cases in some jurisdictions, but only to the extent of holding that a municipal corporation, authorized by law to engage in the business of furnishing utility services to its inhabitants, may sell a *surplus*, necessarily acquired, to persons residing outside the municipality, but subject to the prior right of the inhabitants in case of shortage. In such cases, it is frequently pointed out by the courts that, in so disposing of surplus electric current, the municipalities are acting in their proprietary or business capacity, and when so acting should have the same rights and be subject to the same liabilities as private corporations or individuals. 38 Am. Jur., Municipal Corporations, §570, and cases cited. The instant case does not present any such factual situation.

The case of *Whiting* v. *Lubec,* 121 Me., 121, 115 A., 896, has been cited by the defendant as decisive of the present issue. In that case, the town of Lubec was authorized by a legislative enactment to furnish light and water for public and private use by the town and its own citizens. To supply this need, it purchased a water power in the town of Whiting for the purpose of generating electricity. Poles and transmission lines were constructed from Whiting to Lubec. The Court held that such poles and lines were exempt because they were owned by Lubec for its own municipal purposes. That town was not engaged in the enterprise of furnishing electricity to Whiting. The distinction is clear. The property was not taxable because it came within the express exemption of the statute.

We, therefore, conclude that, by legislative action and intendment, the corporate entity of the Houlton Water Company has been continued and maintained separate and distinct from the town of Houlton; that the corporation has been endowed with authority to act in a dual capacity, one as a public municipal corporation so far as the town of Houlton and its inhabitants are concerned, and the other as a private enterprise in furnishing electric current to a dozen other towns and their inhabitants for their convenience and for its private gain. The duties, powers, rights and immunities of the municipality of Houlton have not been extended by legislative grant beyond its own boundaries. It has been given no right to assume any municipal function as to outside territory. There is no reason, under the circumstances of this case, why the Houlton Water Company should be exempt from taxation upon its property, used solely in the transmission and distribution of electricity outside the limits of the town of Houlton.

> *Judgment for the plaintiff for $200 with interest from December 1, 1940 and with costs.*