FRED C. GREAVES
*vs.*
HOULTON WATER COMPANY

Aroostook.   Opinion, May 22, 1948.

*Francis W. Sullivan,*
*W. S. Lewin,* for plaintiff.

*Hutchinson, Pierce, Connell, Atwood*
*and Scribner,*
*James C. Madigan,* for defendant.

SITTING: STURGIS, C. J., THAXTER, MURCHIE, FELLOWS, JJ.
MURRAY, A. R. J.

MURRAY, A. R. J.    This case comes to the Law Court on
report on an agreed statement of facts.    It is an action of
debt by the plaintiff as Collector of Taxes of the town of
Hodgdon to collect a tax assessed for the year 1944 against
the defendant as owner of certain poles and wires constitut-
ing the transmission line along the highways in the town of
Hodgdon, used for the purpose of supplying electric light
and power to the town of Hodgdon and the inhabitants
thereof.

The agreed statement makes all of the special acts of the
Legislature, which are applicable, part of the case, and ad-
mits the assessment and commitment to be regular.    It
shows the defendant to be a corporation engaged in the
distribution of light and power in several towns, including
Hodgdon and Houlton.    No other person or corporation is
engaged in generating or distributing electricity, nor does
any other person or corporation own any transmission line
or facility within Hodgdon.    The town of Hodgdon has so
few inhabitants that it is economically impracticable to
generate and distribute electricity solely to it and its in-
habitants.    The lines were extended into Hodgdon upon re-

quest of its inhabitants. All of the stock of the company is owned by the town of Houlton. Its directors are elected at the town meeting of Houlton. They must be citizens of Houlton. It is the only electric light company the capital stock of which is owned by a municipality in Maine.

The history of the defendant follows:

The Houlton Water Company was given a charter in the year 1880 to supply water to the town of Houlton and its inhabitants, and to issue capital stock.

Later it was given authority to merge with the Houlton Sewerage Company and conduct sewers. It was given the power of eminent domain. The town of Houlton was given the privilege of buying the capital stock. Its directors had to be elected from the citizens of Houlton at its town meeting.

Its charter was amended by P. & S. L. 1943, C. 26, by adding: "and said corporation shall hereafter be deemed for all purposes of taxation a public municipal corporation."

The statute which applies to the exemption from taxation of public municipal corporations follows:

R. S. 1944, Chap. 81, Sec. 6, Par. I.

"The following property and polls are exempt from taxation:

I. The property of the United States and of this state and the property of any public municipal corporation of this state appropriated to public uses if located within the corporate limits and confines of such public municipal corporation, and also the . . . . . fixtures . . . . . of public municipal corporations engaged in supplying . . . . . power or light if located outside the limits of such public municipal corporations."

The defendant contends that the Legislature, by the amendment of 1943, made the defendant, as to taxation, a public municipal corporation and, therefore, the taxed property, is exempt. Both sides assume in argument that the

Legislature in the 1943 amendment, as to this case at least, also means exemption from taxation. With this we agree.

To this defense the plaintiff answers that P. & S. L. of 1943, C. 26 is unconstitutional, because it is repugnant to equal and impartial taxation,—Maine Constitution Amendment, Article XXXVI, and because the Legislature by such act suspended its sovereign power of taxation. Maine Constitution, Article IX, Sec. 9.

He says further, if the act is constitutional, it does not exempt the taxed property; at most, it exempts property within Houlton.

We shall consider the second defense first, because some of the arguments used in this connection may be useful in deciding as to the constitutionality of the act.

These parties were before this court for a tax assessed on this same property before the 1943 amendment. *Greaves* v. *Houlton Water Co.*, 140 Me. 158; 34 Atl. (2nd) 693.

The court decided at that time that the corporate entity of the Houlton Water Company had been continued; that by legislative enactment and intendment,

> "the corporation has been endowed to act in a dual capacity, one as a public municipal corporation so far as the town of Houlton and its inhabitants are concerned, and the other as a private enterprise in furnishing electric current to a dozen other towns and their inhabitants for their convenience and its private gain . . . . . There is no reason, under the circumstances of this case, why the Houlton Water Company should be exempt from taxation upon its property used solely in the transmission and distribution of electricity outside the limits of the town of Houlton."

The Houlton Water Company still maintains its corporate entity, but the Legislature, by the act of 1943, for all tax purposes, deems it to be a public municipal corporation. This is true, not only as to Houlton but also as to the other towns, including Hodgdon.

Is the taxed property appropriated to public uses? The lighting of public streets, public and private buildings, is a public purpose. The Legislature can authorize this to be done by any appropriate means which it may deem expedient. *Laughlin* v. *City of Portland,* 111 Me. 486-493; 90 Atl. 318.

The usual method, in early municipal history, of obtaining a supply of water, was through the agency of stock companies performing a joint, public and private service for private gain. *Dillon Mun. Corp.,* 5 Ed., Vol. III, Sec. 1298. *Laughlin* v. *City of Portland,* 111 Me. 486. The purpose of these companies is admittedly public. *Laughlin* v. *City of Portland,* 111 Me. 486; 90 Atl. 318; *Portland* v. *Portland Water Company,* 67 Me. 136; *Riche* v. *Bar Harbor Water Co.,* 75 Me. 91; *Hamor* v. *Bar Harbor Water Co.,* 78 Me. 127.

The case, *City of Portland* v. *Portland Water Company,* before cited, is one in which the Legislature had exempted the property of the defendant, a stock company, from taxation. The court decided that this could be done, and that the property of the defendant had been appropriated and devoted to a public use, and may be exempted from taxation for the same reason that town houses, schoolhouses and railroad tracks are.

Taxation is legislative. What money shall be raised by taxation, what property shall be taxed, what exempted, rests exclusively with the Legislature to say, without any limitations, except such as are imposed by express constitutional provision. Re: *Maine Central R. R.,* 134 Me. 217; 183 Atl. 844.

Whether such taxation, or exemption, is wise or unwise, is not for the judiciary, but for the Legislature. *Inhabitants of Whiting* v. *Inhabitants of Lubec,* 121 Me. 121; 115 Atl. 896.

We say this property attempted to be taxed is property of a public municipal corporation of this state appropriated

to public uses, and we feel that the Legislature in enacting the act of 1943 meant to exempt the property of this corporation appropriated to public uses within the towns served by it. It meant to do this, or its passage was an idle ceremony, and meant nothing.

It is fundamental that we look to the purpose for which a law is enacted, and that we avoid a construction which leads to a result clearly not within the contemplation of the lawmaking body. Above all, we should seek to avoid an interpretation which leads to a result which is absurd, even though to do so we may have to disregard the strict letter of the enactment. This rule rescues legislation from absurdity. It is not judicial legislation; it is seeking to enforce the true sense of the law, notwithstanding its imperfection, or generality of expression. *Inhabitants of Ashland* v. *Wright,* 139 Me. 283; 29 Atl. (2nd) 747.

We think this reasoning has shown the taxed property to be within the exemption statute, and also the enactment exempting the property, to be constitutional,—but it would not be amiss to point out that one of the cases cited, *Portland* v. *Portland Water Company,* 67 Me. 135, is decisive as to one of the constitutional questions. The Portland Water Company was a stock company. The plaintiff argued that the law exempting the defendant from taxation, and not exempting all other water companies, operated unequally and was, therefore, unconstitutional.

The court replied to this, that all such companies are not alike situated in respect to the benefits created by them. One set may be of vastly more consequence to the state than another. The state, through the general benefits to the public, may receive a sufficient compensation for the remission of taxes to one corporation and not to another. We are not satisfied that the Legislature cannot, by charter, or contract, in any case, under any circumstances, for sufficient considerations, release one corporation from taxation merely because it does not include in its exclusion from taxation all similar corporations in the state.

There remains now the question whether, by the act of 1943, the Legislature suspended its sovereign power of taxation *contra* to Maine Constitution, Article IX, Sec. 9. This question, strictly speaking, cannot arise in this action as we view it, but as the parties have argued it, we shall answer it.

No matter what words the Legislature uses, or what attempts it makes to pass an exemption statute without the right to change or repeal it, it cannot bind itself so as to prevent a future change or repeal. The Constitution would make the part which attempts the prevention of a change or repeal, a nullity. Cooley on Taxation, Vol. II, 4th Ed., Sec. 702. In addition, there is a statute which has been in existence since long before the defendant corporation was organized. R. S. 1944, Chap. 49, Sec. 1-2.

> Sec. 1. "This Chapter applies to all corporations organized by Special Acts of the legislature, or under the general laws of the state . . . . ."

> Sec. 2. "Acts of Incorporation passed since March 17, 1831 may be amended, altered or repealed by the legislature as if expressed provision therefor were made in them . . . . ."

Thus, it is apparent that the power to repeal the exemption is retained by the Legislature both under the Constitution and under the statute, so, of course, this power cannot be said to be suspended.

We Hold:

That P. & S. L. 1943, Chap. 26, by which the Houlton Water Company is deemed, for all purposes of taxation, to be a public municipal corporation, is constitutional;

That the Houlton Water Company, for the purposes of this case, is a public municipal corporation; that it is the owner of the taxed property;

That the taxed property is appropriated to public uses and is exempt from taxation.

*Judgment for Defendant.*